```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF TENNESSEE
                    EASTERN DIVISION
```

| | |
|---|---|
| **ANGELA D. STORMAN,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )    No. 19-1152-TMP |
| | ) |
| **ANDREW M. SAUL,** | ) |
| **COMMISSIONER OF SOCIAL** | ) |
| **SECURITY,** | ) |
| | ) |
|     **Defendant.** | ) |

**ORDER AFFIRMING THE DECISION OF THE COMMISSIONER**

Before the court is plaintiff Angela D. Storman's appeal from a final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 401-434; 1381-1385. The parties have consented to the jurisdiction of the United States magistrate judge under 28 U.S.C. § 636(c). (ECF No. 12.) For the reasons below, the decision is affirmed.

**I.   FINDINGS OF FACT**

On January 30, 2017, Storman applied for disability insurance benefits and supplemental security income under Titles II and XVI of the Act. (R. 212.) Storman alleged disability beginning on January 1, 2014, due to Guillain-Barre syndrome and depression. (R. 287.) Storman's application was denied initially and upon

reconsideration by the Social Security Administration ("SSA"). (R. 73-129; 133-41.) At Storman's request, a hearing was held before an Administrative Law Judge ("ALJ") on February 26, 2019. (R. 34.)

After considering the record and the testimony given at the hearing, the ALJ used the five-step analysis to conclude that Storman was not disabled from January 1, 2014, through the date of the decision. (R. 23.) At the first step, the ALJ found that Storman had not engaged in substantial gainful activity during the relevant period. (R. 17.) At the second step, the ALJ concluded that Storman suffers from the following medically determinable impairments: chronic pain syndrome, migraine headaches, and lumbar degenerative disk disease with radiculopathy. (R. 17.) At the third step, the ALJ concluded that Storman's impairments do not meet or medically equal one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 19.) Accordingly, the ALJ had to then determine whether Storman retained the residual functional capacity ("RFC") to perform past relevant work or could adjust to other work. The ALJ found that:

> [Storman] has the residual functional capacity to perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b) except: [Storman] can occasionally climb ramps and stairs; she cannot climb ladders, ropes or scaffolds; she can occasionally stoop, kneel, crouch, and crawl; she can occasionally use her feet for pushing, pulling, and pedal operations; she can frequently use bilateral hand for handling and fingering; she can

>      tolerate occasional exposure to temperature extremes;
>      she cannot tolerate exposure to hazardous machinery or
>      unprotected heights; due to pain, she would be capable
>      of maintaining attention, concentration, persistence or
>      pace in 2 hour segments of time with customary breaks
>      between segments.

(R. 19.) The ALJ then found at Step Four that Storman was able to perform her past relevant work as an office manager. (R. 22.) Accordingly, on April 1, 2019, the ALJ issued a decision denying Storman's request for benefits. (R. 27.) On June 26, 2019, the SSA's Appeals Council denied Storman's request for review. (R. 1.) The ALJ's decision then became the final decision of the Commissioner. (R. 1.)

## II.   CONCLUSIONS OF LAW

### A.   Standard of Review

Under 42 U.S.C. § 405(g), a claimant may obtain judicial review of any final decision made by the Commissioner after a hearing to which he or she was a party. "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Judicial review of the Commissioner's decision is limited to whether there is substantial evidence to support the decision and whether the Commissioner used the proper legal criteria in making the decision. Id.; Cardew v.

Comm'r of Soc. Sec., 896 F.3d 742, 745 (6th Cir. 2018); Cole v. Astrue, 661 F.3d 931, 937 (6th Cir. 2011); Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007). Substantial evidence is more than a scintilla of evidence but less than a preponderance, and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Kirk v. Sec'y of Health & Human Servs., 667 F.2d 524, 535 (6th Cir. 1981) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).

In determining whether substantial evidence exists, the reviewing court must examine the evidence in the record as a whole and "must 'take into account whatever in the record fairly detracts from its weight.'" Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990) (quoting Garner v. Heckler, 745 F.2d 383, 388 (6th Cir. 1984)). If substantial evidence is found to support the Commissioner's decision, however, the court must affirm that decision and "may not even inquire whether the record could support a decision the other way." Barker v. Shalala, 40 F.3d 789, 794 (6th Cir. 1994) (quoting Smith v. Sec'y of Health & Human Servs., 893 F.2d 106, 108 (6th Cir. 1989)). Similarly, the court may not try the case *de novo*, resolve conflicts in the evidence, or decide questions of credibility. Ulman v. Comm'r of Soc. Sec., 693 F.3d 709, 713 (6th Cir. 2012) (citing Bass v. McMahon, 499 F.3d 506,

509 (6th Cir. 2007)). Rather, the Commissioner, not the court, is charged with the duty to weigh the evidence, to make credibility determinations, and to resolve material conflicts in the testimony. Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 528 (6th Cir. 1997); Crum v. Sullivan, 921 F.2d 642, 644 (6th Cir. 1990).

**B.   The Five-Step Analysis**

The Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1). Additionally, section 423(d)(2) of the Act states that:

> An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.  For purposes of the preceding sentence (with respect to any individual), "work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

Under the Act, the claimant bears the ultimate burden of establishing an entitlement to benefits. Oliver v. Comm'r of Soc.

-5-

Sec., 415 F. App'x 681, 682 (6th Cir. 2011). The initial burden is on the claimant to prove she has a disability as defined by the Act. Siebert v. Comm'r of Soc. Sec., 105 F. App'x 744, 746 (6th Cir. 2004) (citing Walters, 127 F.3d at 529); see also Born v. Sec'y of Health & Human Servs., 923 F.2d 1168, 1173 (6th Cir. 1990). If the claimant is able to do so, the burden then shifts to the Commissioner to demonstrate the existence of available employment compatible with the claimant's disability and background. Born, 923 F.2d at 1173; see also Griffith v. Comm'r of Soc. Sec., 582 F. App'x 555, 559 (6th Cir. 2014).

Entitlement to Social Security benefits is determined by a five-step sequential analysis set forth in the Social Security Regulations. See 20 C.F.R. §§ 404.1520 & 416.920. First, the claimant must not be engaged in substantial gainful activity. See 20 C.F.R. §§ 404.1520(b) & 416.920(b). Second, a finding must be made that the claimant suffers from a severe impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii) & 416.920(a)(5)(ii). In the third step, the ALJ determines whether the impairment meets or equals the severity criteria set forth in the Listing of Impairments contained in the Social Security Regulations. See 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526. If the impairment satisfies the criteria for a listed impairment, the claimant is considered to be disabled. On

the other hand, if the claimant's impairment does not meet or equal a listed impairment, the ALJ must undertake the fourth step in the analysis and determine whether the claimant has the RFC to return to any past relevant work. See 20 C.F.R. §§ 404.1520(a)(4)(iv) & 404.1520(e). If the ALJ determines that the claimant can return to past relevant work, then a finding of not disabled must be entered. Id. But if the ALJ finds the claimant unable to perform past relevant work, then at the fifth step the ALJ must determine whether the claimant can perform other work existing in significant numbers in the national economy. See 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g)(1), 416.960(c)(1)-(2). Further review is not necessary if it is determined that an individual is not disabled at any point in this sequential analysis. 20 C.F.R. § 404.1520(a)(4).

**C.   Articulation Requirements**

Storman's first argument is that the ALJ failed to adequately consider the effect of her severe impairments on her RFC. The ALJ discussed the medical evidence related to each of Storman's severe impairments in detail in her explanation of her Step Four conclusions. (R. 20.) Storman argues that the ALJ needed to do more than this and provide an analysis of how each of Storman's

specific work-related functions were affected by each of her severe impairments.

ALJs are obligated to explain their RFC determinations. See SSR 96-8P, 1996 WL 374184 (July 2, 1996) ("The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)."). To satisfy this requirement, an ALJ's opinion must "provide an accurate and logical bridge between the evidence and the result." Gross v. Comm'r of Soc. Sec., 247 F. Supp. 3d 824, 829 (E.D. Mich. 2017). Social Security regulations "[do] not require the ALJ to provide a written function-by-function analysis in his opinion" unless such analysis is necessary for a reviewing court to understand the bridge between the evidence and result. See Picklesimer v. Colvin, No. 3:13-1457, 2015 WL 5944389, at *13 (M.D. Tenn. Oct. 13, 2015), report and recommendation adopted, 2015 WL 6690096 (M.D. Tenn. Nov. 2, 2015).

There is no serious question here that the ALJ's detailed discussion of the medical evidence regarding each of Storman's severe impairments allows the court to understand the logical bridge between the evidence and the result. Storman appears to concede as much in her brief when she observes that "[o]ne could,

of course, move backwards from the ALJ's conclusions and infer the ALJ's reasoning." (ECF No. 20 at 15.) Even if Storman had not conceded this point, the bridge between the ALJ's discussion of each of Storman's severe impairments and the ALJ's RFC determination is clear. Regarding Storman's chronic fatigue syndrome, the ALJ noted that Storman's longtime treating physician assessed that Storman's fatigue-related complaints "seem to be out-of-proportion to her physical findings," which demonstrated Storman had normal strength, normal gait, and the ability to walk 200 feet without assistance. (R. 20; 1284.) Regarding Storman's migraine headaches, the ALJ observed that Storman's treatment notes indicate she had approximately one migraine headache a month and responded positively to medication. (R. 20; 1130.) Regarding Storman's lumbar degenerative disc disease, the ALJ pointed out that a variety of medical tests examining this condition returned largely normal results. (R. 20; 482; 440; 1204-05.) Simply listing this evidence is enough to explain its relevance. The ALJ sufficiently articulated her consideration of Storman's severe impairments.

**D.   Substantial Evidence**

Storman next argues the ALJ's RFC determination was not supported by substantial evidence. Storman observes that the ALJ

did not adopt an RFC advocated by one of the medical experts in the record, but rather chose a middle path between the opinions of the state agency non-examining physicians and the opinion of an examining physician retained by Storman. Storman does not explain how this fact relates to her substantial evidence argument. Storman also asserts that none of the evidence in the record is consistent with a determination that she is able to perform light work.

The Sixth Circuit has held the argument that an ALJ may not adopt a particular RFC "without a medical opinion that reaches the same conclusion" is simply "wrong." Reinartz v. Comm'r of Soc. Sec., 795 F. App'x 448, 449 (6th Cir. 2020). If Storman is making such a claim, the court cannot agree with her contention. The court also disagrees with Storman's assertion that there is no evidence in the record consistent with a finding that Storman is capable of performing light work. As the previous section of this order demonstrates, this is not the case. Storman has not met her burden to demonstrate that the ALJ's decision is not supported by substantial evidence.

### III. CONCLUSION

For the reasons above, the Commissioner's decision is affirmed.

IT IS SO ORDERED.

s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

June 30, 2020
Date